# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

| | |
|---|---|
| SHERMAN L. FIELDS,<br>　　　　　Petitioner,<br>v.<br><br>WARDEN, USP TERRE HAUTE,<br>　　　　　Respondent. | No. 2:14-cv-315-WTL-WGH<br><br>MEMORANDUM REGARDING<br>§2255 "SAVINGS" CLAUSE |

## INTRODUCTION

This memorandum, as requested by this Court, addresses the application of the so-called "savings clause" of 28 U.S.C. § 2255(e). Briefly stated and upon information and belief, Mr. Fields contends that the savings clause applies because his § 2255 petition, including his actual innocence claim advanced in the current proceeding, was adjudicated by a judge who was effectively incompetent. As a result, Mr. Fields has not had a meaningful "opportunity" to present this claim to a court.

To be clear, this memorandum reflects an on-going investigation. Mr. Fields seeks additional time to complete that investigation at which time he will seek leave to amend his petition, if he develops further factual support for the allegations that appear below. At this juncture, Mr. Fields respectfully asks this

1

Court not to adjudicate this petition until that investigation is complete and Fields has had an opportunity to amend.

## FACTS

Mr. Fields is under a federal death sentence.  He is currently incarcerated at the United States Penitentiary at Terre Haute.

*The Prior Proceedings*

On May 13, 2003, an eight-count indictment was filed in the United States District Court for the Western District of Texas, charging Fields with, among other charges, escape and murder.  On May 23, 2003, the Government gave notice it would seek the death penalty.

Mr. Fields was convicted and sentenced in the Western District of Texas, Waco Division.  (No. 01-cr-164).  Trial started in January 2004. On January 30, 2004, the jury convicted Fields on all counts. From February 2 to February 5, 2004, the same jury heard testimony and argument in the penalty phase. On February 5, the jury retired to deliberate. On February 6, 2004, the jury was told to keep deliberating after evincing an inability to agree on punishment. It sentenced Fields to death shortly thereafter.

Mr. Fields conviction and death sentence were affirmed on appeal. *United States v. Fields,* 483 F.3d 313 (5th Cir. 2007).

On January 14, 2009, Fields filed a § 2255 petition raising numerous claims (including a claim of actual innocence). In support of the petition Fields included voluminous evidence not presented during Mr. Fields's trial proceedings. Fields sought both discovery and an evidentiary hearing. During the entire pendency of the petition, counsel was never given a single opportunity to appear in court. Further, the judge repeatedly rebuked counsel in writing for investigating the case, something the judge indicated was a §2255 proceeding.

On September 25, 2012, the District Court denied Fields' discovery motions; his request for an evidentiary hearing; and dismissed the action. *Sua sponte*, the District Court also denied Fields a certificate of appealability.

The Fifth Circuit later denied Mr. Fields's request for a certificate of appealability. 761 F.3d 443 (5th Cir. 2014).

Mr. Fields's petition for a writ of certiorari is currently pending in the United States Supreme Court. United States Supreme Court Docket No. 14-722.

*The Current Proceeding*

Mr. Fields, acting pro se, filed a petition in this Court pursuant to 28 U.S.C. § 2241. Succinctly summarized, Mr. Fields's petition alleges that he is innocent of murder and that various governmental officials conspired with the witnesses to wrongly convict him.

This Court recently allowed undersigned counsel, who has represented Mr. Fields in his § 2255 proceedings, to appear as counsel. By separate pleading, counsel intends to supplement Mr. Fields's motion to provide facts showing why his § 2255 proceeding was structurally inadequate. That pleading, which undersigned counsel will seek to file under seal, reflects an on-going investigation which counsel seeks additional time to complete.

As an offer of proof, several months ago, undersigned counsel learned of an on-going investigation involving the United States District Court judge who presided over Mr. Fields's trial and post-conviction proceeding. The focus of that investigation, which is on-going, is alleged sexual misconduct. http://www.abajournal.com/news/article/allegation_of_sexual_misconduct_by_federal_judge_in_1998_will_be_investigat.

However, a deposition of the complaining witness (which has been posted on a public blog) includes allegations that the judge was intoxicated at the courthouse. http://lawflog.com/wp-content/uploads/2014/09/2014.03.07-Deposition-Redacted.pdf.

According to Mr. Clevenger's blog, he was told that this was not an isolated incident of intoxication, but that then-Chief Judge Edith Jones of the Fifth Circuit (who served as chief judge from 2006-2012 and who was on the appellate panel denying Mr. Fields's request for a certificate of appealability), investigated Judge

4

Smith and allegedly gave Judge Smith the option of going to an alcohol rehabilitation program or be suspended from the bench. According to Mr. Clevenger's blog and a follow up phone call by undersigned counsel, Judge Smith spent about two months in an alcohol rehabilitation program before returning to the bench.

Mr. Fields, through counsel, is conducting his own investigation into the truth of these allegations. If true, these events most likely occurred while Mr. Fields's petition was pending. Undersigned counsel estimates that his investigation into this matter will be complete within the next six months.

## ARGUMENT

*Introduction*

Prior to the enactment of 28 U.S.C. § 2255, federal prisoners who wished to challenge their convictions and sentences could do so by filing a writ of habeas corpus pursuant to the 1789 Judiciary Act. Venue in habeas corpus cases was assigned to a judge in the federal district of confinement. Because most federal prisoners were held in only a few federal districts, a small number of federal judges carried the entire caseload of federal habeas petitions. *See* Hertz & Liebman, Federal Habeas Practice and Procedure, Sixth Ed. at § 41.2[a]; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). As a practical means of reassigning cases to the district where the prisoner was originally tried and

sentenced, Congress in 1948 enacted a new federal post-conviction remedy: 28 U.S.C. § 2255. This statute was enacted primarily for administrative and case management purposes – *i.e.*, to divert habeas petitions from the districts of incarceration, which were overwhelmed with habeas litigation, to the districts in which prisoners were originally convicted and sentenced. *See United States v. Hayman*, 342 U.S. 205, 219 (1952) (describing legislative history of § 2255). As the Supreme Court explained: "Nowhere in the history of Section 2255 do we find any purpose to impinge upon prisoners' rights of collateral attack upon their convictions. On the contrary, the sole purpose was to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum." *Hayman*, 342 U.S. at 219. Thus, in every other respect, section 2255 was meant to provide federal prisoners with a "remedy exactly commensurate with that which had previously been available by habeas corpus." *Hill v. United States*, 368 U.S. 424, 427 (1962). In fact, the statute was "designed to strengthen, rather than dilute, the writ's protections…" *Boumediene v. Bush,* 553 U.S. 723, 775 (2008).

Although § 2255 was intended to be "exactly commensurate" with the habeas corpus remedy available to federal prisoners prior to 1948, it did not eliminate the availability of the writ entirely. It was recognized that in some unique situations, the newly-created motion practice of § 2255 could not provide

the full remedy demanded by traditional habeas corpus. In those situations, as noted in § 2255(e), a federal prisoner may resort to a writ of habeas corpus pursuant to 28 U.S.C. § 2241 if it appears that the "remedy by [[§ 2255] motion is inadequate or ineffective to test the legality of his detention."

*Mr. Fields' §2255 Remedy Was Inadequate and Ineffective*

The legislative history contains few meaningful clues regarding the true meaning of the "inadequate or ineffective" language of this savings clause. *See, e.g.*, *Wofford v. Scott*, 177 F.3d 1236, 1241 (11th Cir. 1999) (explaining that there is nothing "in the legislative history explaining why the relevant language was changed or what the new language means"). However, there is general agreement among the circuits that access to §2241 via the savings clause turns on whether the petitioner has had an opportunity to present his claim. *Prost v. Anderson*, 636 F.3d 578, 589-94 (10th Cir. 2011). *See* also *In re Dorsainvil*, 119 F.3d 245, 248 (3d Cir. 1997) (holding that the unavailability of collateral review to a party claiming innocence would raise a "thorny constitutional issue"); *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir. 1997) (holding that the savings clause is available when failure to provide collateral review would raise "serious constitutional questions").

Mr. Fields relies on *Garza v. Lappin,* 253 F.3d 918 (7th Cir.2001), in which the petitioner Garza consulted the Inter–American Commission on Human Rights

7

regarding the use in his sentencing of previous murders for which he had not been tried. The Commission wrote a report in which it pointed out that the use of the previous murders amounted to a violation of international human-rights norms to which the United States had committed itself. *Garza,* 253 F.3d at 920. Ultimately the Seventh Circuit found that because Garza would not have been able to raise a treaty violation on his own, as the treaty at issue did not grant individual rights, he could not have raised the issue in his first § 2255 motion, which was decided before the Commission's report. *Id.*at 922–23. Further, the report did not concern newly discovered evidence or a new rule of constitutional law, so Garza could not have raised it in a successive § 2255 motion either. *Id.* at 923. As a result, the Seventh Circuit held that § 2255 was inadequate for Garza to challenge the legality of his sentence and allowed him to bring his § 2241 petition. *Id.*

*Mr. Fields Was Entitled to a Competent Judge*

If the district court judge was effectively incompetent during the pendency of this case, he has not had adequate opportunity to test his detention. Habeas corpus is "today, as it has always been, a fundamental safeguard against unlawful custody," and "plays a vital role in protecting constitutional rights." *Withrow v. Williams,* 507 U.S. 680, 697 (1993) (O'Connor, J., concurring in part and dissenting in part); *Slack v. McDaniel,* 529 U.S. 473, 483 (2000). For habeas corpus review to be adequate and comport with due process, it must be conducted

8

by a mentally competent judge. "Due process implies a tribunal both impartial and mentally competent to afford a hearing." *Jordan v. Massachusetts,* 225 U.S. 167, 176 (1912); *Tanner v. United States,* 483 U.S. 107, 126 (1987).

Further, because this is a death penalty case, Mr. Fields's Eighth Amendment right to "heightened reliability" at all stages of the proceedings requires adjudication by a mentally competent judge. "[T]he Eighth Amendment has been recognized to affect significantly both the procedural and the substantive aspects of the death penalty." *Ford v. Wainwright,* 477 U.S. 399, 405 (1986).

In *Peters v. Kiff,* the Supreme Court explained that mental competence goes to the heart of impartiality because it confers the ability to decide a case upon its merits: [T]he Due Process Clause protects a defendant from jurors who are actually incapable of rendering an impartial verdict, based on the evidence and the law. Thus a defendant cannot, consistent with due process, be subjected to trial by an insane juror. *Peters v. Kiff,* 407 U.S. 493, 501 (1972).

*Mr. Fields Has No Other Legal Recourse*

Like *Garza*, Mr. Fields relies on newly discovered evidence that, if true, could render the prior proceedings a nullity, but where he would likely be barred from bringing a successor petition. Since 1996, § 2255 has contained a provision which bars prisoners from filing second or successive § 2255 petitions except in two narrow circumstances: (1) when newly discovered evidence would establish

9

by clear and convincing evidence that the prisoner is not guilty of the offense for which he was convicted, or (2) when the petition presents a new rule of constitutional law, made retroactive by the Supreme Court to cases on collateral review, that was unavailable to the petitioner at the time of his first petition. Arguably, Fields does not meet those requirements. As a result, this is the only available avenue for relief.

## CONCLUSION

Mr. Fields continues to investigate facts which, if true, could show that he has not had an "unobstructed procedural shot" at getting his conviction vacated.

This Court should not dismiss this action. Mr. Fields has made a colorable showing that the savings clause applies and requests additional time to continue his investigation. This Court should allow Mr. Fields additional time to complete his investigation and, if he discovers further factual support, amend his petition.

DATED this 20th day of March, 2015.

Respectfully Submitted:

/s/Jeffrey E. Ellis
Jeffrey E. Ellis
Law Office of Alsept & Ellis
621 SW Morrison St., Ste 1025
Portland, OR 97205
JeffreyErwinEllis@gmail.com