IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT OF INDIANA
( TERRE HAUTE ) DIVISION

SHERMAN L. FIELDS,

      Petitioner,

v.

     No. 2:14-cv-315-WTL-WGH

WARDEN, USP TERRE HAUTE,

      Respondent,

---

## " EXTRAORDINARY CIRCUMSTANCES "

---

Petitioner, Sherman L. Fields filed a Pro Se petition with this Court in October 2014, pursuant to RULE 60(b)(3), RULE 60(b)(6) & RULE 60(d)(3). RULE 20 and/or 28 U.S.C.S. 2241 and the Court appointed Attorney Jeffrey Ellis to assist Fields in this cause of action, and asked said attorney to state why the "savings" Clause of 2255(e) apply. Mr. Ellis sought additional time to respond and this Court, ( according to Mr. Ellis ), granted the extension of time until July 2015.

In the meantime, Fields, acting within his Pro Se capacity would also like to address why he believe his petition is ripe for review by this Court.

---

Fields believes his petition is ripe for review by this Court because (1) The District Judge and an Appeals Court Judge was bias; (2) The prosecution and their witnesses engaged in, and continues numerous criminal act(s), to include, conspiracy, solicitation of murder via lethal injection, Fraud On the Court(s) and Misprision of felony; (3) Because of the existence of these criminal act(s) and bias Judge(s) there was no honest adjudication of the merits; (4) AEDPA fail to provide for meaningful appellate review in an "extraordinary case" like this; (5) The integrity of the Justice system erodes if the Court fails to review the case; (6) The prosecution's criminal action's places the Court in the novel position of Aiding and abetting criminal homicide; (7) Fields is Actually innocent and failure to intervene will be a fundamental miscarriage of Justice. In Garza v. Lapin, 253 F.3d 918 (7th Cir. 2001) after the Inter-American Commission on Human Rights pointed out that the United States had committed itself to violations of international human-rights norms; Garza, 253 F.3d at 920, the Seventh Circuit ultimately found that Garza would not have been able

1

to raise a treaty violation on his own, as the treaty at issue did not grant individual rights, he could not have raised the issue in his first 2255 motion, which was decided before the Commission's report. Id. at 922-23. Further, the report did not concern newly discovered evidence or a new rule of constitutional law, so Garza could not have raised it in a successive 2255 motion either. id. at 923. As a result the Seventh Circuit held that 2255 was inadequate for Garza to challenge the legality of his sentence and allowed him to bring his 2241 petition. Id. In respect to Garza, Fields's petition proves that the prosecution(s) actions and the bias Judges that have governed this case amounts to violations of civil rights and/or Human rights norms, and because of "extraordinary circumstances" Fields believes that 2255 was inadequate to challenge the legality of his sentence.

Fields contends that the prosecution engaged in multiple criminal acts, to include, but isn't limited to, conspiracy and solicitation of murder via lethal injection and misprision of felony. See Sherman L. Fields v. Warden USP Terre Haute, No. 2:14-cv-315-WTL-WGH; In which, just like in the case of Garza, the criminal violations amounts to a violation of human-rights norms to which the United States have committed itself. And also just like in the case of Garza, Fields would not have been able to raise a criminal violation on his own, as the statute don't grant individual rights, so he could not have raised the issue.

"Criminal Act(s) committed by the prosecution and their witnesses in order to obtain a conviction and murder an innocent man is definitely an "extraordinary circumstance", and since fields believes that the evidence presented to the Court in his Pro Se petition undoubtedly makes a colorable showing of Factual and Actual innocence the standard shouldn't be whether or not the offending party is immune or whether the Court has the Authority to charge such offense(s), the standard should be whether or not a "normal citizen" could be charged, if in fact they committed the crime(s) alleged therein without the prosecution Alter ego prestige behind them. If the allegations made by Fields is true, and a "normal citizen" can be held accountable for the criminal violations, then that should be an "extraordinary circumstance" for Fields to proceed with his petition. The prosecution shouldn't be allowed to commit criminal acts to obtain a conviction and the defenses impediment is AEDPA. " The Supreme Court has warned that the Cause and prejudice standard is a flexible one which yields to "exceptional circumstances"; Engle v. Isaac, 456 U.S. 107, 135, 71 L. Ed. 2d 783, 102 S.Ct. 1558(1982). " Consequently, "in an extraordinary case where a Constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." Murray, 477 U.S. at 496. Sensitivity to the injustice of incarcerating an innocent individual should not abate when the impediment is AEDPA's statute of limitations. Schlup, 513 U.S., at 324, 115 S.Ct. 851, 130 L. Ed. 2d 808. There is no doubt that the alleged criminal violations occured. First, the elements of conspiracy are: (1) An agreement between two or more persons; (2) The object of which is to do an unlawful act or a lawful act by unlawful means. ( A formal agreement" need not be demonstrated, as an agreement may be demonstrated by circumstantial evidence of a meeting of the minds to commit an unlawful act.); United States v. Moore, 525 F.3d 1033 (11th Cir. 2008); United States v. Percel, 553 F.3d 903 (Dec. 23, 2008). The evidence that Fields presented in Fields v. Warden, Supra, undoubtedly proves that the prosecution and their witnesses joined in a

3

seditious conspiracy to provide false testimony to a grand and petit jury in a capital case so they could manipulate a verdict of guilty which would ultimately lead to the murder of Sherman Lamont Fields via lethal injection. Whether there was a "formal agreement" or just " a meeting of the minds" to do the illegal and/or criminal act(s) there is no doubt that the conspiracy is complete. Conspiracy only requires that after the "agreement" at least one of the people commits an overt act in furtherance of the agreement. 18 U.S.C. 371 (1982); United States v. Beil, 577 F.2d 1313, 1315 n.2 (5th Cir. 1978), cert. denied, 440 U.S. 946, 99 S.Ct. 1422, 59 L. Ed. 2d 634 (1979); United States v. Sutherland, 463 F.2d 641, 645 (5th Cir.), cert. denied, *1569409 U.S. 1078, 93 S.Ct. 698, 34 L.Ed. 2d 668 (1972). A person suborns perjury when he procures another to commit any perjury." 18 U.S.C.A. 1622; See also Dunnigan, 507 U.S. at 94, 113 S.Ct. at 1116 (applying definition of perjury from 18 U.S.C. 1621, the criminal perjury statute to 3C1.1). When the prosecution procured Sheriff Detective Johnny Spillman and U.S. Marshal Chris Casson to lie and defraud the Grand jury they fulfilled the obligation and the conspiracy was complete. Both Spillman and Casson told the Grand Jury that Tanesha Hilliard, the victim's cousin, whom was with the victim when she and Fields made contact, said that Fields became "angry" and "Irate"; Both law enforcement officer's had to either "formally agree" or "meet at the minds" to use that terminology, when in fact Tanesha Hilliard had really told them that Fields was "Never angry" and as a matter of fact she's never known Fields to be violent towards the victim, and on the night in question Fields and the victim was "Hugging and kissing".

When the prosecution's Star Witness and her accomplice agreed that they were going to conspire to hide the car that they were in on the night of the murder so that the car wouldn't be tested in the forensics lab the criminal act was complete. The prosecution then committed an overt act in furtherance of that agreement when at trial the prosecutor sought to defraud the Court by trying to make the jury believe that their Star Witness, Shalaykea Scroggins, and her accomplice, Edward Lee "Treyboy" Outley was in a BLUE Jaguar that (1), The prosecutor knew had been wrecked and totaled in 1998, three years prior to the murder, and didn't even exist when the murder occured; And (2), The owner of the car had already told the prosecutor months before the trial, that he had rented Edward Lee Treyboy Outley his "GOLD" Jaguar on the night of the murder.

When the prosecution went "seeking jailhouse testimony" and hired several crooks to lie and in furtherance of this conspiracy put them on the witness stand the conspiracy was complete.

When Edward Lee "Treyboy" Outley conspired with Christian "Chae" Walker to lie and say that Walker gave Outley the alleged murder weapon to give to Fields

4

when in fact Walker didn't even know what kind of gun it was the conspiracy was complete. Then when Detective Morris "Bubba" Colyer told Walker what kind of gun it was alleged to be, that overt act in furtherance of the conspiracy made the criminal act complete.

When the prosecution procured those law enforcement officer's to lie and the officer's took the stand and testified, those overt acts in furtherance of the conspiracy made the criminal act complete.

When the prosecution solicited Fields' murder via lethal injection by first "seeking" inmate's to testify falsely, and then soliciting either their Star witness and/or her accomplice to lie and say that they witnessed Fields commit murder, and then seeking to hire an inmate Chance Alexander to lie and say that Fields confessed to him even though Fields and Alexander don't even know each other, the criminal act of "Solicitation of murder" was complete.

( See Fields v. warden, Supra for details and evidence of criminal act(s).

In order to maintain Fields's conviction and impending murder the conspiracy have been, and is ongoing throughout post conviction. The PINKERTON DOCTRINE, which finds its roots in Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 provides that " [a] party to a continuing conspiracy may be responsible for a substantive offense committed by a coconspirator pursuant to and in furtherance of the conspiracy, even if that party does not participate in the substantive offense or have any knowledge of it." United States v. Elwood, 993 F.2d 1146, 1151 (5th Cir. 1993) (quotations omitted) (describing the Pinkerton doctrine). Even if the parties herein decided to go after the prosecution's "jailhouse testimony seeking deal" on their own they are still a part of the conspiracy as a principle because they each committed an overt act in furtherance of the conspiracy.

When inmate Homero DeLeon testified that Fields told him the people who went to the Grand Jury on him, and then named five people that didn't even go to the Grand Jury on Fields, this overt act in furtherance of the conspiracy is attributed to each and every one of the coconspirators; When Prosecutor Greg Gloff put ATF Agent Douglas Kunze on the stand to bolster Deleon's testimony by falsely alleging that the prosecution had given the defense the grand jury transcripts "early on in the investigation", insinuating that the defense had the transcripts in December 2002 when DeLeon allege this confession took place, when in fact Fields's attorney's was still asking for the Grand Jury transcripts in July 2003, and fields was still asking for the Grand Jury transcripts in January 2004, this overt act in furtherance of the conspiracy is attributed to each and every one of them.

" Every individual act of perjury and/or subornation of perjury is an overt act

in furtherance of the conspiracy and it is attributed to each and every one of them; " The theory of vicarious liability provides that a person may be found criminally liable even if he did not personally commit a substantive offense. United States v. Broadwell, 870 F.2d 594, 602-04(11th Cir.), cert. denied, 493 U.S. 840, 110 S.Ct. 125, 107 L.Ed. 2d 85(1989). However, every one of the prosecution's "witnesses" and the prosecutor's themselves did commit a substantive offense. See Also, United States v. Roper, 874 F.2d 782, 787-88(11th Cir.), cert. denied, 493 U.S. 867, 110 S.Ct. 189, 107 L.Ed. 2d 144 and cert. denied, 493 U.S. 955, 110 S.Ct. 369, 107 L.Ed. 2d 355(1989) describing the elements of conspiracy. When Edward Lee "Treyboy" Outley and Shalaykea "Lakie" Scroggins conspired to put Coleman's murder off on Fields, whether the prosecution knew that Outley and scroggins were the real culprits of the crime or not, the prosecution effectuated the purpose of the conspiracy by "Seeking jailhouse testimony" and "recruiting and hiring" the coconspirators and formalizing and completing deals with them. In the very least the government Aided and Abetted the conspiracy under 18 U.S.C. 2 because they associated with a criminal venture, purposefully participated in the criminal activity by suborning perjury, and sought by their actions to make the venture successful. United States v. Polk, 56 F.3d 613, 620(5th Cir.1995)(citations omitted) " A person associates with the criminal venture if he shares in the criminal intent of the principle." United States v. Jaramillo, 42 F.3d 920, 923(5th Cir.), cert. denied, U.S. 115 S.Ct. 2014, 131 L. Ed. 2d 1013(1995). The evidence will clearly show that after Outley and Scroggins put the murder off on Fields, the prosecutor's joined the conspiracy, and it was their intention to see that fields was convicted by and through the use of false testimony and/or fabricated evidence and ultimately murdered via lethal injection, and the manner in which they all acted was affirmatively designed to aid the venture, therefore when Outley and Scroggins conspired to hide the GOLD Jaguar, alleging that the car was BLUE, so it wouldn't be subjected to forensics testing, that overt act in furtherance of the conspiracy is attributed to each and every one of them. And when the prosecutor stood before the jury at trial and willfully and maliciously tried to mislead the jury by claiming that Outley and Scroggins was indeed in a "BLUE" Jaguar that they already knew didn't even exist, that overt act in furtherance of the conspiracy is attributed to each and every one of them; Thus the conspiracy and all of its prongs have been met.

On appeal, after the Supreme Court told Fields to restructure his petition and serve opposing counsel, Fields served a copy of the writ in Appendix 19 to prosecution attorney, Jennifer S. Freel, Western district of Texas, 816 Congress Ave., Ste. 1000, Austin, Texas 78701. In the writ Fields put forth clear and convincing evidence that trial and post conviction prosecutor's suborned perjury, engaged in a criminal

6

conspiracy, solicited Fields's murder vial lethal injection, Aided and Abetted a criminal conspiracy, committed perjury in the Grand jury, and committed Fraud On the trial Court and the appellate Court, in violation of 18 U.S.C.S. 4. Ms. Freel failed to bring these crimes to the attention of a Judge, and instead sought to conceal the crime(s) by arguing "facts" that she knew to be false. In a recent case, Baumgartner v. United states, 6th Cir., 581 F. App'x 522, 2014 BL 264880, a criminal Court Judge was charged with Misprision of felony after he was made aware of a conspiracy, yet instead of bringing the conspiracy to light the Judge made material misrepresentations that effectively concealed the conspiracy. Fields believes that despite the immunity clause for prosecutors, Ms. Freel's Misprision of felony violation should serve as an "extraordinary circumstance" that will allow his petition to proceed in this Court. " Federal Courts may use its Supervisory power in order to deter illegal conduct." United States v. Hasting, 461 U.S. 499, 505, 103 S.Ct. 1974, 76 L.Ed. 2d 96(1983); Bank of Nova Scotia v. United States, 487 U.S. 250, 254, 108 S.Ct. 2369, 101 L.Ed. 2d 228(1988). For this reason alone this Court should entertain Fields's petition and uphold the integrity of the Judicial System.

THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT FAILS TO PROVIDE FOR MEANINGFUL APPELLATE REVIEW IN THE EVENT OF A CONVICTION AND DEATH SENTENCE WHERE CRIMINAL ACT(S) AND JUDICIAL BIAS PRECLUDES HONEST ADJUDICATION ON THE MERITS AND THE DEFENSE'S IMPEDIMENT IS AEDPA.

In Morales v. Bezy, 499 F.3d 668 (7th Cir. 2007) " the 7th Circuit concludes that " the fact that a position is novel does not allow a prisoner to bypass section 2255... Only if the position is foreclosed ( as distinct from not being supported by-from being, in other words, novel ) by precedent " is a 2255 remedy inadequate. See id.; See also Davenport, 147 F. 3d at 610 ( concluding that petitioner had no reasonable opportunity on direct appeal or in his first 2255 petition to challenge the legality of his conviction where "[t]he law of the circuit was so firmly against him that we [695 F.3d 649] have held that in that period defendants in this circuit did not have to raise [the] issue in order to preserve it as a basis for collateral attack later on"] Fields concludes that his position is indeed novel. There is no precedent set where an innocent man is forced to proceed pro se by a bias or a non-bias Judge, and the evidence that wasn't presented to the jury proves that petitioner's conviction and death sentence is the direct result of numerous criminal violations committed by the prosecution. And

post conviction, when petitioner deligently tried to present the evidence he was hindered by the "extraordinary circumstance(s)" of a bias appellate Judge, Fraud On The Court, a continuing conspiracy and Misprision of felony criminal offenses/ violations. " The "catchall" basis of 2255 permits the defendant to challenge his sentence and Circuit case law has described it as encompassing "exceptional circumstances" that make the need for redress evident " and errors that reveal a "fundamental defect" that if left uncorrected will result "in a complete miscarriage of justice" or be "inconsistent with the rudimentary demands of fair procedure"; The Fraud On the Court, Solicitation of murder via lethal injection, Conspiracy, Misprision of felony, Brady Violations and fields's Actual Innocence should satisfy this standard. But most important is the fact that if the evidence that Fields presented to this Court indeed proves what he said it proves then AEDPA restrictions forces the Court to Aid and Abet Criminal Homicide. " The Supreme Court has long acknowledged that Death is fundamentally different from any other punishment"; Furman v. Georgia, 408 U.S. 238, 286-291, 92 S.Ct. 2726, 33 L.Ed. 2d 346 (1972) (Brennan J., concurring); Gregg v. Georgia, 428 U.S. 153, 188, 96 S.Ct. 2909, 49 L.Ed. 2d 859 (1976) (joint opinion of Stewart, Powell, and Stevens, JJ.) " For that Reason we have required States to apply special procedural safeguards to "minimize the risk of wholly arbitrary and capricious action " in imposing the death penalty." Gregg, 428 U.S. at 189, 195, 96 S.Ct. 2909, 49 L.Ed. 2d 859 (1976) (joint opinion by Stewart, Powell, and Stevens, JJ.); See also Ring v. Arizona, 536 U.S. 584, 614, 122 S.Ct. 2428, 153 L.Ed. 2d 556 (2002) (Breyer, J., concurring in judgment) (explaining that without adequate procedural safeguards, "the constitutional prohibition against ' cruel and unusual punishments ' would forbid [the] use of the death penalty ). That language is no more "prominent" than in the case of the innocent, especially a case like this where the prosecution's criminal actions have placed the Courts in the position of adhering to AEDPA's unreasonable restrictions at the detriment of an innocent man & Aiding and abetting the drug dealers, terrorist, rapist, child molesters and murderers that the prosecution hired as "witnesses" to fabricate evidence so that they can murder Fields via lethal injection; the prosecutions wholly arbitrary and capricious illegal actions forces the Courts into a partnership with drug dealers; (i.e) Inmate Jerry Reed, Homero DeLeon, Kevin Burton, Christian Chae Walker, Edward Lee "Treyboy" Outley; Child rapist; (i.e) John Mercer; Murderer(s); (i.e) Edward Lee "Treyboy" Outley and Shalaykea "Lakie" Scroggins; Terrorist; (i.e) John Mercer; Conspirator(s) and more. The prosecution's criminal actions is an affront to the integrity of the judicial system. This case warrants this Courts intervention lest the integrity of the judicial system be eroded.

8

After counsel For Fields sent petitioner a copy of the 2255 petition that they filed on his behalf, Fields immediately informed the Court that the petition was incomplete. See letter to Court; Appendix 1 in Fields v. Warden, No.2:14-cv-315-WTL-WGH.

When the district Court denied the petition Counsel filed, Fields informed the Court that he would be proceeding pro se; Judge Walter Smith denied the request; Fields v. Warden, supra; Appendix (2).

Fields then notified the 5th Circuit that he would be proceeding pro se; Appendix (3).

The 5th Circuit returned the petition to Fields to sign; Appendix (4).

Fields then filed his Actual Innocence brief with 3-volumes of appendix showing that his conviction and death sentence was the direct result of Fraud on The Court with a criminal conspiracy at its foundation; See Appendix (5).

Fields also filed a motion to bar the prosecution and their cabal from having any contact with each other due to their ability to continue the conspiracy; See Appendix (6). A Motion to seal the brief; Appendix (7). And a Motion for discovery; Appendix (8).

Counsel for Fields filed a Motion stating that Fields' pro se Motion wasn't actually a "Pro Se" Motion and Fields only ask to be able to file his brief and Motion(s) along with additional pleadings filed by counsel; Appendix (9).

On 10/23/13 the 5th Circuit denied Fields' Motion to proceed pro se; Appendix (10)

On 10/30/13 the 5th Circuit notified Fields that they won't consider his brief and Motions; Appendix (11).

Fields then asked the Court to allow his brief and Motions to work along side whatever counsel might file, or allow his "filings" to stand alone . (

On 11/18/13 the 5th Circuit again refused; Appendix (12).

Fields responded once again stating that he don't want to rely on the "unseen" brief that Counsel intended to file and asked the Court to reconsider.

On 12/5/13 the 5th Circuit responded stating that only Fields attorney's can file on his behalf; Appendix (13).

On 12/12/13 Fields received a copy of the brief that counsel filed on his behalf and Fields immediately filed a Motion for Reconsideration of his pro se filings, stating that he "strenuously object" to the brief that counsel filed; Appendix (14).

On 12/24/13 Fields filed another Motion to "Reurge Filings"; Appendix (15).

On January 14, 2014 the 5th Circuit entered an order to not accept "anything" that Fields file pro se; Appendix (16).

( The Appendix is present in Sherman L. Fields v. Warden USP Terre Haute, supra )

Fields then filed two Motions to the Supreme Court appealing the order; Appendix (17).

Then Fields filed a Motion pursuant to Rule 60 with the Supreme Court postmarked Feb. 17, 2014; Appendix (18).

On 5/6/14 Fields received the Rule 60 Motion back from the Supreme Court with a 60 day deadline from May 1, 2014 to restructure the Motion with a timeline of events, and serve a copy on opposing counsel. Fields met those criteria and refiled by June 9, 2014; Appendix (19).

In late June 2014 Fields received the petition back from the Supreme Court with a note that said fields had to wait until the 5th Circuit ruled on his COA before he could file in the Supreme Court; Appendix (20).

Fields immediately responded; Appendix (21).

On 8/15/2014 the Supreme Court informed Fields that he would have to file in the "lower courts".

In October 2014 Fields filed the instant petition.

The 7th Circuit appointed Jeff Ellis to assist Fields in this Cause of action in December 2014.

## ARGUMENT

First, Fields contends that because he has been pursuing his rights diligently and as he will show in the petition filed with the Court, the trial Judge and an appeal Judge was extremely bias, 2255(e) should apply. Fields' petition to the 5th Circuit should not have been rejected, but should have been liberally construed as a motion to ammend; United States v. Sellner, 2014 BL 350656, 8th Cir., No. 13-3794, 12/15/14. The 5th Circuit rejected Fields' pro se filings because Fields was represented by counsel, but even when Fields said that he would "relieve counsel of their duty" and/or keep them in order to keep the process on track the 5th Circuit still refused to consider Fields' petition. In Price v. Johnson, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed 1356(1948) the Court held that " a prisoner has no absolute right to argue his own appeal or even to be present at the proceedings in an appellate Court " foreclosed any right of a defendant to act pro se. But this did not foreclose a right of a defendant to present a pro se brief. In light of this, the Court argued that, whether at trial or on appeal, a defendant should not be required to have counsel forced upon him or her. In Chamberlain v. Ericksen, 744 F.2d 628, 630 (8th Cir. 1984), cert. denied, 470 U.S. 1008, 84 L.Ed. 2d 387, 105 S.Ct. 1368 (1985) the Chamberlain Court, quoting the above styled language from Price v. Johnson, found that a criminal defendant does have a right under the Constitution to present pro se briefs or motions on appeal. Id." This is extremely significant being that the 5th Circuit used "Unreasonable determination of the facts" to deny Fields COA. Everything that they denied Fields on, the pro se brief that Fields filed,( Appendix (5), and the evidence that they refused to consider would have cleared

10

things up, and not only prove that Fields was Actually and factually innocent, but the Court had been the victim of Fraud. In Gordon v. Braxton, 2015 BL 56012, 4th Cir., No. 13-7040, 3/3/15, the Court held that Federal Habeas Corpus review to State Court judgment does not apply when the State Courts decision resulted from its refusal to consider factual allegations made outside the petitioner formally titled "affidavit". Like here in Gordon v Braxton , Fields contends that the 5th Circuit did not adjudicate his claims on the merits because it " unreasonably truncated further factual development" on Fields' claim of Actual Innocence.

Fields' petition presented a classic credibility test, where " a law enforcement officer "said" that the car that Fields was in " looked detailed or wiped down " in order to defraud the Court into convicting Fields. Yet Fields attempted to present documents to show that, (1) Forensics proved that the car was not "detailed or wiped down", and(2) the prosecution withheld photographs in violation of Brady that would have shown that the car was not "detailed or wiped down", and the prosecution knew that his "witness" was committing perjury and defrauding the Court. Yet the 5th Circuit refused Fields' evidence without even looking at it "because Fields have attorney's". And then denied Fields on the merits, claiming that Fields didn't acknowledge that the police officer said that the car had been "detailed or wiped down", when Fields clearly acknowledged it, and also presented proof to the contrary. Fields, via the brief and Appendix that he submitted,(and the 5th Circuit Court) refused to consider, presented evidence that the car wasn't cleaned or wiped down like Detective Colyer manipulated and defrauded the Court to believe, and evidence from the prosecutions own forensics expert that said " even if a vehicle was detailed or wiped down they have technology that still would have found the alleged blood that was supposed to be in the car", and there was no blood.

The 5th Circuit Court also said that there was a stain found in the car that could have been blood, And Fields presented evidence showing that the carpet was taken from the car and sent to the forensics lab and tested for blood, and the tests proved to be negative, the alleged "stain" was not blood.

Also in the brief that the 5th Circuit refused to consider Fields put forth evidence showing that the prosecutor's "Star Witness" and her accomplice really committed the murder; (i.e) Where forensics cleared the car that Fields was in on the night of the murder, the prosecution's Star Witness and her accomplice both conspired to hide the car that they were in that night so it wouldn't be tested in the forensics lab; they both lied and said that they were in a "BLUE" Jaguar, when in fact the evidence proves that the Jaguar was "GOLD".; They both gave several different alibi's for the time of the murder; They gave several different versions of how, when and where Fields supposedly "confessed" to them; They both went around recruiting

11

inmates to lie for them, to claim that Fields confessed; The accomplice knew that the victim was shot "twice in the head" when, if his story is to be believed he had no way of knowing that; the prosecution's Star Witness wrote a letter to the victim four months prior to the murder; A week before the murder the prosecution's Star witness and the victim got into a very heated argument that almost turned physical; The day before the murder Fields and the Victim called the phone company together and the victim told them that the prosecution's Star Witness ( Had illegally ) got a phone turned on in Fields's name and she was calling the Victim threatening her. All of this evidence and more was in the petition that Fields submitted to the 5th Circuit, and they refused to even look at it " because Fields had attorney's ". Just like in the Gordon v. Braxton, case (Supra), the 5th Circuit " unreasonably truncated further factual development ", and because Fields is Actually and Factually innocent refusal to entertain Fields's petition would result in a fundamental miscarriage of Justice where an innocent man's "execution" would in all actuality be a criminal murder. Sawyer v. Whitley, 505 U.S. 333, 120 L.Ed. 2d 269, 112 S.Ct. 2514 (1992).

DISTRICT JUDGE WALTER SMITH, JR. AND 5th CIRCUIT JUDGE EDITH H. JONES WAS BIAS, AND NEITHER SHOULD HAVE BEEN ON FIELDS'S CASE.

District Judge Walter Smith, Jr. should have recused himself. ( See Sherman L. Fields,v. Warden USP Terre Haute (Supra). In Fields's case, at trial and on appeal the record indicates that Judge Smith was bias and he was incompetent by reason of that bias to adjudicate the issues pending before him. In an earlier case, Andrade v. Chojnacki, 338 F.3d 448 (July 14, 2003), Judge Smith's good friend, William Bill Johnston, whom was a prosecutor at the time was under investigation for withholding evidence in that case. Because Johnston was his friend Judge Smith refused to participate in the investigation. When Smith presided over Fields's case, Smith's friend, William Johnston was in private practice and he was the attorney for the victim's family where he had an interest in the outcome of the case. Fields contends that in order to help his friend, Judge Smith vouched for the prosecution to a juror, he forced Fields to proceed to trial pro se, repeatedly rebuked Fields in front of the jury, ruled against Fields on evidence that was clearly admissible, and did just about everything he could to bring about Fields's wrongful conviction; See Sherman L. Fields v. Warden USP Terre Haute, Supra. " First, the Supreme Court has decided

12

that both Actual bias and the appearance of bias violate due process principles; Bracy v. Schoming, 286 F.3d at 410-11; See Bracy, 520 U.S. at 905 (actual bias). Absent a "smoking gun", a petitioner may rely on circumstantial evidence to prove the necessary bias. Bracy, 286 F.3d at 411-412; id. at 422 (Posner, J., concurring in part; dissenting in part); id. at 431 (Rovner, J., concurring in part; dissenting in part). On appeal (2255) Judge Smith dismissed Fields's Actual innocence claim and other issues regarding his innocence without an evidentiary hearing claiming that there is no proof that any of the governments witnesses lied when in fact the evidence proves that they all lied; ( See Fields v. Warden, Supra ). Also in closing at trial the prosecutor admitted that their witness Christian Chae Walker lied, and then defrauded the Court telling the jury that Walker was facing a perjury charge. ( A perjury charge that Walker was never charged with, and the prosecution had no real intention to charge Walker with perjury ). " A district Court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or make findings of fact that are clearly erroneous." Chicaga Tribune Co. v. Bridgestane/Firestone Inc., 263 F.3d 1304, 1309 (11th Cir. 2001) Judge Smith's Abuse of discretion only highlights his bias. " The Due Process Clause may sometimes bar trial by Judges who have no actual bias and who would do their best to weigh the scales of justice equally between contending parties " ( Citing In re Murchison, 349 U.S. at 136.) Second, where there is structural error, such as judicial bias, harmless error analysis is irrelevant. See Edwards v. Balisok, 520 U.S. 641, 647, 137 L.Ed. 2d 906, 117 S.Ct. 1584 (1997); Bracy, 286 F.3d at 414; Cartalino v. Washington, 122 F.3d 8, 9-10 (7th Cir. 1997). A bias Judge is an "extraordinary circumstance" for purposes of 2255(e).

When Judge Smith denied Fields's 2255 and C.O.A the case went to the 5th Circuit where Fields had already filed to recuse Judge Edith Jones for her racial and religious views. ( See Fields v. warden, Supra ). " The Fourteenth Amendment views racial bigotry as an evil to be stamped out, not as an excuse for perpetual racial tinkering by the State. See DeFunis v. Odegaard, 416 U.S. 312, 342, 94 S.Ct. 1704, 40 L.Ed. 2d 164 (1974) (Douglas, J., dissenting ) (" The equal protection clause commands the elimination of racial barriers, not their creation in order to satisfy our theory as to how society ought to be organized"). Judge Jones's racial ideology in regards to minorities is dispicable, she tend to think that this type of discrimination helps, rather than hurts racial minorities. ( "Government actors, need not be blind to the lingering effects of ' an overly discriminatory past,' the legacy of ' centuries of law-sanctioned inequality"). But "[h]istory should teach greater humility." Metro Broadcasting, Inc. v. FCC, 497 U.S. 547, 609, 110 S.Ct. 2997, 111 L.Ed. 2d 445 (1990) (O'Connor, J., dissenting). " The worst forms of racial discrimination in this nation

13

have always been accompanied by straight-faced representations that discrimination helped minorities. Judge jones, following in these inauspicious footsteps, would have us believe that her discrimination is likewise benign. I think the lesson in history is clear enough; Racial discrimination is never benign. "[B]enign' carries with it no independent meaning, but reflects only acceptance of the current generation's conclusion that a politically acceptable burden, imposed on particular citizens on the basis of race, is reasonable." See Metro Broadcasting, Supra. It is for this reason that the Supreme Court has repeatedly held that strict scrutiny applies to all racial classifications, regardless of whether the government has benevolent motives. See, e.g., Johnson, 543 U.S., at 505, 125 S.Ct. 1141, 160 L.Ed. 2d 949 (" We have insisted on strict scrutiny in every context, even for so-called 'benign' racial classifications"); Adarand, 515 U.S., at 227, 115 S.Ct. 1097, 132 L.ED. 2d 158 ([A]ll racial classifications, imposed by whatever federal, state, or local government actor, must be analyzed by a reviewing court under strict scrutiny"); J.A. Croson, 488 U.S., at 500, 109 S.Ct. 705, 102 L.Ed. 2d 854 ("Racial classifications are suspect, and that means that simple legislative assurances of good intention cannot suffice"). Judge Jones professed good intentions cannot excuse her outright racial discrimination any more than such intentions justified the now denounced arguments of slaveholders and segregationists. " ( A Judge's ) refusal to disqualify himself/herself for 28 U.S.C.S 455(a) violation is "extraordinary circumstance"; Liljeberg v. Health Services Acquisition Corp. (1988) 486 U.S. 847, 100 L.Ed. 2d 855, 108 S.Ct. 2194. Judge Jones's bias and her findings or "unreasonable determination of the facts" makes Fields's petition ripe for review up under 2255(e).


## FRAUD ON THE COURT


The prosecution intentionally, knowingly, deliberately with malice aforethought committed the criminal act of Fraud On the Court; See Fields v. Warden; Supra. " A Court has the power to conduct an independent investigation to determine whether it has been the victim of Fraud. See Chambers v. Nasco, inc., 501 U.S. 32, 44, 111 S.Ct. 2123, 2132, 115 L.Ed. 2d 27 (1991); See also in re E.L. Dupont De Nemours & Company-Benlate Litigation, 99 F.3d 363, 367 (11th Cir. 1996) (Concluding that district Court had jurisdiction to conduct an independent civil action for sanctions based upon allegations of fraud in another case). Because of the "extraordinary circumstances" in Fields's trial Court, and the "extraordinary circumstances" in the 5th Circuit, Fields filed the Fraud On the Court issue here in the 7th Circuit. Fraud On The Court don't "trickle" down, Fraud On The Court "trickles" up. The

14

prosecution defrauded the trial Court in order to obtain the conviction and murder Fields via lethal injection, and carried on that Fraud throughout the appeals process in order to maintain the conviction and meet their end result. " A claim of prosecutorial Fraud does not rely on ' A new rule of constitutional law ', and may not 'establish by clear and convincing evidence that...No reasonable factfinder would have found the applicant guilty of the underlying offense.' 28 U.S.C. 2244(b) (2) [28 U.S.C.S. 2244(b)(2)]. It is a claim that nonetheless must be recognized." Mobley v. Head, 306 F.3d 1096, 1100-1105 (CA11 2002) " For example, a death row inmate could show that the State indeed committed Fraud upon the district Court during his habeas corpus proceeding, it would be a miscarriage of justice if we turned a blind eye to such abuse of the judicial process." In the instant petition that Fields filed in this Court, the evidence that the prosecution commited Fraud On The Court is insurmountable. " In behalf of the unfortunates, federal Courts should act in doing justice if the record makes plain a right to relief",Adams v. United States, 317 U.S. 269, 272, 87 L.Ed. 268, 271, 63 S.Ct. 236, 143 ALR 435 . Fraud On the Court is "extraordinary circumstance" that should make Fields' petition ripe for review by this Court. If and when this Court orders the prosecution to respond, if the prosecution respond in any way other than concluding that Fields is right the evidence will then prove that the prosecution is also committing Fraud upon this Court; There should be no greater "extraordinary circumstance" than when the opposing party, if ordered to respond will have to concede that petitioner have been fatally harmed by their illegal conduct, or in the alternative commit further illegal act(s) upon the Court. For that reason alone this Court should allow Fields's petition to proceed. Similarly, in a case like Fields, a case that's so unique, given the circumstances, so novel, so "extraordinary" where any prosecutor arguing the false "evidence" presented at trial to its exact specifications; [i.e] The Jaguar that their Star "witnesse[s]" conspired to hide was BLUE; Inmate DeLeon was Fields's cell mate; The Grand Am was "detailed or wiped down"; There was no fingerprints found in the car, etcetera, etcetera, etcetera, it not only places post conviction prosecutor's in the very dangerous position of Aiding and abetting criminal Acts, Fraud On the Court and/or Misprision of felony, but it places the Appellate Court's in the dangerously novel position of not only Aiding and abetting the prosecution's criminal acts, but it also places the Court[s] in the position of Aiding and abetting the prosecution's "witnesses" criminal Act[s], "witnesses" that were already convicted criminals when the prosecution hired them to murder Fields via lethal injection; For that there is no precedent set " as distinct from not being supported by-from being, in other words, novel " by precedent." Davenport, Supra. Which means that a 2255 remedy is inadequate, and this Court should hear Fields's petition.

15

For all of the reasons stated above Fields pray that the 7th Circuit will allow his petition to proceed and not only correct this arbitrary and capricious wrongful conviction, but also to deter any further illegal conduct, protect the integrity of the judicial system, and disassociate the Court[s] with any of the prosecution's criminal actions.

Respectfully/Sincerely

Sherman L. Fields
#15651-180
USP Terre Haute
P.O. Box 33
Terre Haute, Indiana
47808

*Sherman L. Fields*

4/3/15