**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | |
|---|---|
| SHERMAN L. FIELDS,<br>　　　　　Petitioner,<br>　　v.<br><br>WARDEN, USP TERRE HAUTE,<br>　　　　　Respondent. | No. 2:14-cv-315-WTL-WGH<br><br>ADDENDUM TO PETITION;<br>MEMORANDUM RE:<br>APPLICABLITY OF SAVINGS<br>CLAUSE |

## INTRODUCTION

On October 16, 2014, Sherman Fields, a death-sentenced inmate at USP Terre Haute, filed a pro se § 2241 petition. On December 17, 2014, undersigned counsel (who represented Mr. Fields in his § 2255 proceedings) entered a notice of appearance. Since that time, counsel has requested and this Court has granted several continuances in order to conduct further investigation. This Court's most recent order granted counsel until September 8, 2015, to (a) file an amended petition for writ of habeas corpus, and (b) file a statement showing whether and how, and as to which claim(s), the Savings Clause of 28 U.S.C. § 2255(e) is appropriately invoked in this case.

1

This pleading intends to serve as a factual addendum to/amendment of Mr. Fields's petition. At this juncture, Mr. Fields respectfully asks this Court not to adjudicate this petition until that judicial investigation is complete and Fields has had another opportunity to amend. Fields does not object if this petition is served on the Superintendent. In fact, Mr. Fields seeks an opportunity to depose witnesses in order to further investigate his claim

In addition, the memorandum of law that follows addresses the "savings" clause of 28 U.S.C. § 2255(e). Although Mr. Fields enumerates several claims in his petition, almost all of his claims lead to the same conclusion; namely, that Mr. Fields is "actually innocent" of capital murder. Mr. Fields's petition can be liberally read to allege both free-standing and gateway innocence claims. Petitioner asserts that the savings clause applies to the following claims: (1); (3); (4); (5); (7); (8); (9); (10); and (11).

**ADDITIONAL FACTS ALLEGED IN SUPPORT OF PETITION**

Mr. Fields is under a federal death sentence. He is currently incarcerated at the United States Penitentiary at Terre Haute.

*The Prior Proceedings*

On May 13, 2003, an eight-count indictment was filed in the United States District Court for the Western District of Texas, charging Fields with,

2

among other charges, escape and murder. On May 23, 2003, the Government gave notice it would seek the death penalty.

Mr. Fields was convicted and sentenced to death in the Western District of Texas, Waco Division. (No. 01-cr-164). Trial started in January 2004. On January 30, 2004, the jury convicted Fields on all counts. From February 2 to February 5, 2004, the same jury heard testimony and argument in the penalty phase. On February 5, the jury retired to deliberate. On February 6, 2004, the jury was told to keep deliberating after evincing an inability to agree on punishment. It sentenced Fields to death shortly thereafter.

Mr. Fields conviction and death sentence were affirmed on appeal. *United States v. Fields,* 483 F.3d 313 (5th Cir. 2007).

On January 14, 2009, Fields filed a § 2255 petition raising numerous claims (including a claim of actual innocence). In support of the petition Fields included voluminous evidence not presented during Mr. Fields's trial proceedings. Fields sought both discovery and an evidentiary hearing.

On September 25, 2012, the District Court denied Fields' discovery motions; his request for an evidentiary hearing; and dismissed the action. *Sua sponte*, the District Court also denied Fields a certificate of appealability.

The Fifth Circuit later denied Mr. Fields's request for a certificate of appealability. 761 F.3d 443 (5th Cir. 2014).

Mr. Fields's petition for a writ of certiorari was denied by the United States Supreme Court on June 8, 2015.  United States Supreme Court Docket No. 14-722.

*The §2255 Proceeding*

Mr. Fields filed his §2255 petition in 2009.  During the thirty-two months that the case was pending, Judge Smith did not conduct a single in-court hearing in the case.

In correspondence, the district court judge repeatedly rebuked counsel for attempting to investigate Mr. Fields' case, something the judge indicated was not part of a §2255 proceeding.

Early in the proceedings, undersigned counsel sought funds for an investigator, which he supported with a sealed motion and declaration.  In a letter dated June 6, 2008, Judge Smith responded by stating: "You have certainly renewed my reason for not appointing out-of-state 'death penalty experts.'" He then added:  "I can't imagine why you would need an investigator to file a section 2255 petition which should only involve legal issues.  That will certainly not be approved at this time and without real justification."   Judge Smith's letter concluded: "I will await your response before deciding whether I need to correct my decision to appoint you."

On July 20, 2009, Mr. Ellis wrote to Judge Smith, asking: "Recently, you indicated that you 'will not approve any additional funds on this case.' I am writing

4

to inquire whether your statement applies to any work that I have performed or will need to perform from the time that our habeas petition was filed throughout the completion of this case in this Court. Judge Smith responded by stating:

> You have charged more than any CJA attorney since I have been on the federal bench (1984). CJA atty's are expected to understand that they are potentially *pro bono.* Do not ever apply for appointment in the Western District of Texas.

*Newly Discovered Allegations of Alcohol Abuse*

After Judge Smith dismissed Mr. Fields's petition, undersigned counsel learned of two "judicial fitness" allegations involving Judge Smith.

A judicial complaint alleging "abusive sexual conduct" was filed in the Fifth Circuit on September 2014. Undersigned counsel contacted the attorney who filed that complaint and learned of additional allegations that Judge Smith had abused alcohol and was directed to enter a rehabilitation program allegedly by Judge Edith Jones, when she was the Fifth Circuit's presiding judge. Judge Jones was a member of the panel that affirmed Judge Smith's dismissal of Mr. Fields's § 2255 petition.

As a result of these allegations, an investigator has attempted to contact various individuals who had frequent contact with Judge Smith during the time that Mr. Fields's proceedings were pending in his court. Although several witnesses stated it was "common knowledge" that Judge Smith had problems with alcohol, no witness has signed a sworn statement.

Counsel continues to investigate the fitness of Judge Walter Smith during the time he presided over this case, both the time of trial and the post-conviction proceedings. This investigation has been complicated and made more difficult by the fact that a special judicial committee has also been simultaneously conducting an investigation of Judge Smith (http://www.wacotrib.com/news/courts_and_trials/witnesses-contacted-in-probe-of-waco-federal-judge/article_cd45c606-fa31-5e26-8a77-4712c051e2ec.html). That investigation is primarily focused on an allegation of sexual misconduct while Fields's investigation is focused on whether Judge Smith's use of alcohol impaired his ability to perform his judicial duties. See also http://www.kwtx.com/ourtown/home/headlines/Waco--Federal-Panel-To-Investigate-Local-Judge-281345411.html. As a result of the on-going judicial investigation, witnesses have been reluctant or unwilling to talk pending the outcome of that investigation.

*Mr. Fields is Innocent*

Mr. Fields asserted his actual innocence in his § 2255 petition. He also alleged that trial counsel deficiently failed to conduct an adequate investigation of Fields's innocence.

Mr. Fields renews those claim in his § 2241 petition, providing additional facts in support of that claim and additionally asserting that the prosecutors

knowingly procured fraudulent testimony and that the judge knowingly failed to preclude the admission of that fraudulent testimony or to require its correction.

**ARGUMENT**

*Introduction*

Mr. Fields makes two allegations in this proceeding: (1) he is innocent; and (2) he has discovered new information that his trial and post-conviction judge may have been functionally impaired when he presided over Mr. Fields's case.  He legally asserts that § 2255 is inadequate and ineffective to test the legality of Fields's detention.

*The Requirement of a Competent Judge*

If the district court judge was effectively incompetent during the pendency of this case, Mr. Fields has not had adequate opportunity to test his detention. Habeas corpus is "today, as it has always been, a fundamental safeguard against unlawful custody," and "plays a vital role in protecting constitutional rights." *Withrow v. Williams,* 507 U.S. 680, 697 (1993) (O'Connor, J., concurring in part and dissenting in part); *Slack v. McDaniel,* 529 U.S. 473, 483 (2000). For habeas corpus review to be adequate and comport with due process, it must be conducted by a mentally competent judge. "Due process implies a tribunal both impartial and mentally competent to afford a hearing." *Jordan v. Massachusetts,* 225 U.S. 167, 176 (1912); *Tanner v. United States,* 483 U.S. 107, 126 (1987).

Further, because this is a death penalty case, Mr. Fields's Eighth Amendment right to "heightened reliability" at all stages of the proceedings requires adjudication by a mentally competent judge. "[T]he Eighth Amendment has been recognized to affect significantly both the procedural and the substantive aspects of the death penalty." *Ford v. Wainwright,* 477 U.S. 399, 405 (1986).

*Mr. Fields' Original §2255 Remedy Was Inadequate and Ineffective*

There is general agreement among the circuits that access to §2241 *via* the savings clause turns on whether the petitioner has had an "opportunity" to present his claim. *Prost v. Anderson*, 636 F.3d 578, 589-94 (10th Cir. 2011). See also *In re Dorsainvil*, 119 F.3d 245, 248 (3d Cir. 1997) (holding that the unavailability of collateral review to a party claiming innocence would raise a "thorny constitutional issue"); *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir. 1997) (holding that the savings clause is available when failure to provide collateral review would raise "serious constitutional questions").

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. A motion under Section 2255 is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson,* 347 F.3d 214, 217 (7th Cir.2003). And, a prisoner is generally limited to bringing only *one* motion under Section 2255. A prisoner may not file a

"second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

The "savings clause" in 28 U.S.C. § 2255(e) authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention."  The Seventh Circuit construed the savings clause in *In re Davenport,* 147 F.3d 605, 611 (7th Cir.1998): "A procedure for post-conviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Id.* (emphasis added).

Recently, in *Webster v. Daniels,* 784 F.3d 1123 (7th Cir.2015), the Seventh Circuit reemphasized its view that that there is no absolute bar to the use of the Section 2255(e) savings clause for new evidence. *Id.* at 1125. The test remains whether Section 2255 is an inadequate or ineffective remedy, meaning "whether it allows the petitioner "a reasonable opportunity to obtain a reliable judicial

determination of the fundamental legality of his conviction and sentence." *Id.* (quoting *Davenport,* 147 F.3d at 609).

A petitioner with claims of the sort that "justif[y] collateral review, [but do not] justify sequential collateral attacks under [§ 2255(h)]" may be able to pursue those claims via § 2241. *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (internal citations omitted).

In *Webster,* the petitioner alleged that he had recently discovered evidence rendering him categorically ineligible for the death penalty (due to intellectual disability). The 7th Circuit held that if Webster could prove that there was previously existing evidence of his intellectual disability that counsel did not uncover despite diligent efforts, then he has "satisfied the savings clause and may proceed with a section 2241 petition." "At a hearing on the merits, he would need to introduce the evidence and allow the government to refute it. The government here has indicated that it would challenge the diligence of counsel; that it would argue that the allegedly new evidence is actually just cumulative; that it would review the earlier evidence; and that even with the new evidence Webster's adaptive functioning is high enough that it negates his low I.Q. scores (an extremely rare and largely untested scenario, as far as we can tell from post-*Atkins* cases). Webster would respond to those points. In the end, the district court

would decide whether, as a matter of fact, Webster is constitutionally ineligible for the death penalty." *Id.* at 1141.

This Court should apply the same standard to this petition. Mr. Fields alleges that he is innocent and has discovered evidence that his judge was impaired during the pendency of proceedings. If he can prove those facts, he will have established that his conviction is wrongful; that he is ineligible for the death penalty; and that he did not have a meaningful opportunity to adjudicate that claim in his post-conviction proceeding.

## CONCLUSION

There is a "glitch," *Unthank v. Jett*, 549 F.3d 534, 536 (7th Cir. 2008), in § 2255. Mr. Fields claims that he is actually innocent. He alleges—based on newly discovered evidence—that his § 2255 petition was adjudicated by a judge whose ability to meet his duties was impaired. However, while that new evidence calls into question the entirely of the prior proceedings, it does not justify a successor petition. Accordingly, Fields's claim falls squarely within § 2255's savings clause and meets the requirements of the plain language and purpose of § 2241.

Mr. Fields continues to investigate facts which, if true, could show that he has not had an "unobstructed procedural shot" at getting his conviction vacated. This Court should not dismiss this action. Instead, this Court should direct service of the petition, call for a response, and permit Fields to litigate discovery issues.

11

If this Court denies Fields additional time to investigate and to further amend this petition; decides against serving this petition on the prison superintendent and instead is contemplating dismissal, Mr. Fields seeks an opportunity to voluntarily withdraw this action so that he may refile it when and if he discovers additional information in support of his allegations.[1]

DATED this 8th day of September, 2015.

Respectfully Submitted:

/s/Jeffrey E. Ellis
Jeffrey E. Ellis
Law Office of Alsept & Ellis
621 SW Morrison St., Ste 1025
Portland, OR 97205
JeffreyErwinEllis@gmail.com

---

[1] Petitioner is further contemplating adding a claim based on the recent decision in *Johnson v. United States,* 576 U.S. __ (2015), but needs additional time to research.